ROGERS v. COUNCILL et ux.   (No. 7224.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1924.)

1. Husband and wife ⚙═21—That wife signing agreement sued on was not authorized to bind defendant husband constituted a valid defense.

That defendant's wife signing agreement sued on was not authorized to bind defendant constituted a valid defense.

2. Payment ⚙═70(5)—Admission of receipt showing payment held proper as proving itself in absence of showing of its invalidity.

In action on agreement to enroll defendants' son in college of plaintiff's assignor, to recover balance of tuition for session, where amount paid by defendants was in issue, admission of receipt for $100 signed by bookkeeper of college on latter's stationery, held proper as proving itself, in absence of an attack on its validity.

3. Colleges and universities ⚙═9—Recovery of tuition for whole session under college enrollment agreement, held not justified.

Where enrollment agreement to place defendants' son in college named definite tuition for the entire session, and provided that in case of suspension, or expulsion or withdrawal without cause, loss for remainder of session should be sustained by parent, recovery of entire tuition where son had been in college only during part of session held not justified in absence of showing of son's suspension, expulsion, or withdrawal without cause.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by F. R. Rogers against L. G. Councill and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Dilworth & Marshall and Dixon Gulley, all of San Antonio, for appellant.
Thomas Y. Banks, of San Antonio, for appellees.

FLY, C. J. Appellant instituted this suit against appellees on an enrollment agreement by which their son was entered as a student in the Peacock Military College, at San Antonio, in which paper it was agreed that for the session beginning September 11, 1918, and ending May 11, 1919, the signer of the enrollment blank would pay the sum of $375, for the entire session. The paper was signed by Mrs. L. G. Councill. On the account accompanying the paper were two credits amounting to $140. Appellees attacked the petition on the ground that Mrs. Councill had no authority to bind L. G. Councill on the obligation. The cause was tried without a jury, and judgment rendered in favor of appellees.

We adopt the findings of fact of the trial judge which are as follows:

"(1) On January 2, 1919, defendant Mrs. L. G. Councill, wife of her codefendant, L. G. Councill, executed an enrollment contract, enrolling Leonard Councill, the minor son of defendants, as a student in the Peacock Military College, at San Antonio, Tex., from about January 1, 1919, to the end of the term, in May, 1919, and agreed to pay said college $375 tuition, and in addition thereto the cost of uniforms, books, etc.

"(2) In pursuance of said contract of enrollment, said Leonard Councill entered said college about January 2, 1919, and remained until January 30, 1919.

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(3) On or about January 30, 1919, said minor left said college, and thereafter, on January 31, 1919, the president of said college, Prof. Wesley Peacock, wired the father of said minor, the defendant L. G. Councill; that said son had deserted the college; and on February 1, 1919, and again on February 2, 1919, said president wired said defendant not to return his son to the college.

"(4) On February 22, 1919, Prof. Wesley Peacock, president of said college, in answer to a letter to the college from the defendant L. G. Councill, wrote said defendant that he (Prof. Peacock) had decided to give said minor another trial, provided he (said minor) would return to the college entirely of his own accord. The defendant L. G. Councill did not reply to said letter.

"(5) Said minor Leonard Councill did not return to said college.

"(6) The catalogue of said college, which is made a part of the contract of enrollment, among other things, provides: 'In case of suspension or expulsion, or withdrawal without cause, the loss for the remainder of the session is sustained by the parent. Reinstatements may be made upon satisfactory guarantees of good faith and good conduct.'

"(7) The defendant Mrs. L. G. Councill has paid to the said college the following amounts on following dates: January 2, 1919, $200, on January 3, 1919, $40. Plaintiff, or said college, failed to credit defendants with the amount they have paid, but have only credited them with $140, leaving an additional credit of $100 due. The amount which defendants have paid on said contract is more than sufficient to pay plaintiff, or said college, for the time said minor was in said college, which was less than 30 days.

"(8) The account sued upon by plaintiff herein was assigned to him by the president of said college on July 28, 1922, and plaintiff acquired said contract and account subject to the defenses urged by defendants herein.

"(9) The said Leonard Councill was neither suspended or expelled from said college; there was no evidence offered upon the trial of this cause showing why said minor left said college."

[1] The first, second, third, and fourth assignments are based on a general demurrer and special exceptions to the petition which were properly overruled by the court. The allegations of the answer were sufficient to admit evidence of the facts alleged and offered a defense to the action.

[2] The receipt for the $100 on January 3, 1919, was properly admitted in evidence. It proved itself in the absence of any attack upon its validity.

The findings of fact, approved by this court, dispose of the sixth, seventh, and eighth assignments of error. The three receipts, two for $100 each, and one for $40 were all written on the stationery of the Peacock Military College, and signed by W. F. Woodman, bookkeeper. It was not contended that Woodman did not sign each of the receipts, and appellant gave appellees credit for two of them.

They were exactly alike, except that one was dated January 3, 1919, and the other two on January 2, 1919.

[3] The evidence failed to show that the son of appellees was ever suspended or expelled, or that he withdrew without cause; and consequently there was nothing to sustain the claim for the whole session when the boy had been in school only 30 days. The contract is very harsh and rigorous in its terms, and should not be enforced without proof bringing the withdrawal of the boy from school strictly within the terms of the contract. The boy was not expelled nor suspended, and there was no proof that he left without cause. The case was not made out, and $240 was certainly sufficient to more than pay for what the boy received.

The judgment is affirmed.